IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03102-M-RJ

ANDREW REGINALD WILLIS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
MARK C. RUFF, et al., )
)
Defendants. )

On May 1, 2024, Andrew Reginald Willis ("plaintiff"), a former Cumberland County Jail detainee proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. Compl. [D.E. 1]. Plaintiff moves to proceed without prepayment of fees. Mot. [D.E. 2]; Mot. [D.E. 12]. The court now conducts its initial review and, for the reasons discussed below, dismisses the action as time barred.

Legal Standard:

When reviewing applications for leave to proceed without prepayment of fees, the court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Complaint:

Plaintiff generally alleges violations of his Fourth and Fourteenth Amendment rights circa March 28, 2019, in Fayetteville, North Carolina. See Compl. [D.E. 1] at 5. Plaintiff names as defendants Fayetteville Police Department ("FPD") Officer Mark Ruff, Sergeant Jame Yowell, Officer Mike Bridgeman, Lieutenant Ryan Manley, and Chief Gina V. Hawkins, as well as Superior Court Judge Mary Anne Tally and Magistrate Douglass. See id. at 1, 3–4.

Plaintiff specifically alleges, *inter alia*, that: Ruff gave false hearsay statements in a warrant application; on March 27, 2019, Judge Tally granted Ruff a search warrant for 205 and 207 Jasper Street in Fayetteville; despite no evidence that plaintiff was engaged in illegal activity or living at the address, the warrant allowed Ruff "to illegally search and seize [him] for narcotics found" at

2

207 Jasper Street; Ruff added him to a criminal complaint against Lemuel Heslip to "manufacture probable cause against plaintiff . . . by falsely stating" he lived at the residence; Ruff's statement was mere hearsay; on March 28, 2019, while he was standing in front of the [residence at] 207 Jasper [Street] talking to Lemuel Heslip," he was searched and seized by Yowell, Manley, Bridgeman, and Ruff when they served the search warrant on Heslip; despite presenting proof that he didn't reside there, officers searched him and took him into custody; despite lacking probable cause and knowing Ruff's statements were false and lacked proof, Magistrate Douglass charged him with drug-related crimes; Chief Hawkins "let her officers pursue the illegal arrest" of him on March 28, 2019; and, on January 13, 2020, District Attorney Billy West indicted and prosecuted him despite knowing that Ruff's statements were false. See id. at 5–7.

For relief, plaintiff seeks, *inter alia*, "$400.00 a day for every day of false imprisonment," from the date of his arrest on March 28, 2019, until his release from Cumberland County Jail on November 6, 2020, and $40 million in compensatory damages. See id. at 8.

Discussion:

Congress has not adopted a specific statute of limitations for § 1983 actions; rather, the statute of limitations is determined by the law of the state in which the action arose. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 388 (4th Cir. 2014). Such claims "are best characterized as personal injury actions," Wilson v. Garcia, 471 U.S. 261, 277 (1985), and North Carolina personal-injury actions have a three-year statute of limitations, N.C. Gen. Stat. § 1-52(5); see Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991).

Because the time for § 1983 claims generally accrues when a plaintiff knows or has reason to know of the injury underlying the action, Wallace, 549 U.S. at 391, the instant claims – alleging

3

false arrest, malicious prosecution, and false imprisonment – accrued not later than plaintiff's November 6, 2020, release from Cumberland County Jail. Thus, absent tolling, the three-year statute of limitations for these § 1983 claims expired well before the date he filed this complaint.

Plaintiff does not show that he diligently pursued his rights as to these claims or that the requisite "extraordinary circumstances" for tolling the statute of limitations exist. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Hardin v. Straub, 490 U.S. 536, 538–39 (1985); Shook ex rel. Shook v. Gaston Cnty. Bd. of Educ., 882 F.2d 119, 121 (4th Cir. 1989). Further, his unfamiliarity with the law, lack of legal representation, and prior incarcerated status are insufficient grounds for tolling. See United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004). Thus, plaintiff's instant claims are time barred. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (finding dismissal appropriate if claims plainly are time barred), cert. denied, 516 U.S. 1177 (1996).

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

### Conclusion:

In sum, the court DISMISSES the complaint as time barred and DENIES AS MOOT the motions to proceed without prepayment of fees [D.E. 2, 12]. The clerk shall close the case.

SO ORDERED this 3d day of December, 2024.

RICHARD E. MYERS II
Chief United States District Judge

4

Case 5:24-ct-03102-M-RJ    Document 13    Filed 12/04/24    Page 4 of 4